SAMUEL A. CARR *vs.* THE CONTINENTAL FIBRE COMPANY, a corporation of the State of Delaware.

MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—DECLARATION—SUFFICIENCY.

In an action by a servant, the declaration alleging that he was employed by defendant, that he was set to work with others to lower a barrel down a steep stairway, that he complained of the hazard of the employment and was promised proper implements, that he was instructed to go down the stairway to aid in lowering the barrel, that relying on such promise he went down the stairway and the defendant failed to fulfill its promise to furnish necessary implements, but started the barrel down the stairway without any such implements and without notice to him or opportunity for him to get out of the way, whereby he was injured, fails to state a cause of action, because not showing whether he was injured in assisting in lowering the barrel, or whether he was injured because being placed in an unsafe position, or from the lack of implements with which other men labored.

(*October* 4, 1913.)

Judges WOOLLEY and RICE sitting.
*Levin Irving Handy* and *Wilbur L. Adams* for plaintiff.
*J. Harvey Whiteman* for defendant.
Superior Court, New Castle County, September Term, 1913.

ACTION ON THE CASE (No. 50, January Term, 1913).
General demurrer to the declaration, which was sustained. The questions of law presented appear in the opinion of the court.

WOOLLEY, J., delivering the opinion of the court:
The declaration in this case consists of one count, wherein the plaintiff shows that he was a common laborer employed by the defendant manufacturing corporation; that he was set to work with other men to lower a large barrel weighing eight hundred pounds, down a steep stairway; that he complained to his master of the hazard of the employment, and was promised proper implements with which safely to do the work; that he "was instructed in the meantime to go on down the said stairway for the purpose of aiding in lowering the barrel, that relying upon the said promise of the defendant to furnish suitable implements to do said work, the plaintiff, with two other workmen, went down the said stairway *so as to be in a position* to help in lowering said barrel, and thereupon the said plaintiff alleges that the defendant failed to fulfill its promise to furnish implements necessary to said work, but on the contrary started said barrel down said stairway without any such implements and without any notice to the plaintiff, or opportunity for him to get out of the way," whereby, etc.

The defendant filed a general demurrer to the plaintiff's declaration upon the grounds, *first*, that the allegations do not show the cause of action; *second*, because of contributory negligence on the part of the plaintiff; *third*, because the plaintiff at the time of the injury had full knowledge of the conditions surrounding the labor he was called upon to perform.

In support of this demurrer the defendant urged that the plaintiff did not bring himself within the protection of the law of negligence, which relieves the employee of the assumption of

risk when he continues in the employment after notice to his employer of defects or of insufficient appliances, but that, as disclosed by the averments of his declaration, he comes within another law of negligence, to the effect that a servant who is employed to perform a simple act of manual labor, the risks of which are obvious, cannot escape the assumption of those risks by proving that the master promised to furnish him tools by the use of which his work could be done in a safer manner, if it could be done with reasonable safety without them.

We do not believe that this question of negligence is presented by the pleadings, for from the plaintiff's declaration we can discover no cause of action or a situation stated by him to which the principle of law contended for might be applied.

After stating that he was "set to work" by the defendant to do a particular thing, and after averring that he called the defendant's attention to the hazard of the occupation and received from it a promise to supply implements with which safely to perform the labor, he states that he "went down the said stairway *so as to be in a position to help*," which means that he went down the said stairway for the purpose of helping to perform the task which he and others were set to do. Whether he *did* help in performing that task, whether he did get in a position to help, whether the injuries which he received were a result of his participation in the work, or his readiness to assist therein, or were the result of being placed in an unsafe position because of the lack of implements with which the other men labored, does not appear from the declaration. In other words it does not appear in the declaration how and why the plaintiff was hurt or what he was doing or trying to do when he was hurt. We therefore think there is no cause of action presented by this declaration upon which the court can pass upon the questions of law argued upon the demurrer.

The demurrer is sustained for the reasons given.